Ryan D. O'Dea – Bar No. 273478
Rika M. Kido – Bar No. 273780
Brooke S. Thompson – Bar No. 349216
**SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:  (949) 340-3400
Facsimile:  (949) 340-3000
Email:  ROdea@shulmanbastian.com
  RKido@shulmanbastian.com
  BThompson@shulmanbastian.com

Proposed Attorneys for John P. Pringle,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:25-bk-21261-BR |
| **HOURI HARBOYAN** | Chapter 7 |
| Debtor. | Adv. Case No. |
| **JOHN P. PRINGLE, solely in his capacity as the chapter 7 Trustee for the bankruptcy estate of Houri Harboyan,**<br><br>Plaintiff,<br><br>vs.<br><br>**VIC HARBOYAN, in his capacity as Trustee of the Vic Harboyan Living Trust Dated February 4, 2025,**<br><br>Defendant. | **CHAPTER 7 TRUSTEE'S COMPLAINT FOR:**<br><br>1. **AVOIDANCE AND RECOVERY OF INTENTIONAL FRAUDULENT TRANSFER [11 U.S.C. §§ 544, 548(a)(1)(A), 550, 551; Cal. Civ. Code §§ 3439, et. seq.];**<br><br>2. **AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER [11 U.S.C. §§ 544, 548(a)(1)(B), 550; Cal. Civ. Code §§ 3439, et. seq.];**<br><br>3. **DISALLOWANCE OF CLAIMS [11 U.S.C. § 502(d)];**<br><br>4. **UNJUST ENRICHMENT [11 U.S.C. § 105];**<br><br>5. **TURNOVER OF PROPERTY OF THE ESTATE [11 U.S.C. § 542]; AND**<br><br>6. **SALE OF PROPERTY [11 U.S.C. § 363(h)]** |

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

John P. Pringle, the duly appointed, qualified and acting chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Houri Harboyan ("Debtor") in the above-captioned bankruptcy case, alleges as follows:

## STATEMENT OF JURISDICTION AND VENUE

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this proceeding arises in and is related to the Chapter 7 bankruptcy case pending in the United States Bankruptcy Court of the Central District of California, Los Angeles Division ("Bankruptcy Court"), entitled *In re Houri Harboyan*, Case No. 2:25-bk-21261-BR on the Bankruptcy Court's docket ("Bankruptcy Case"). Venue is proper in this District pursuant to 28 U.S.C. § 1409(a) because this adversary proceeding arises under Title 11 or arises under or relates to a case under title 11, which is pending in this District and does not involve a consumer debt less than $25,000.00. This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) (matters concerning the administration of the estate), (b)(2)(E) (orders to turn over property of the estate) and (b)(2)(H) (proceeding to determine, avoid, or recover fraudulent conveyances). Regardless of whether this proceeding is core, non-core, or otherwise, Trustee consents to the entry of a final order and judgment by the Bankruptcy Court.

## THE PARTIES

2.      Trustee is the duly appointed, qualified, and acting chapter 7 Trustee for Debtor's Estate, and brings the claims asserted herein in that capacity.

3.      Trustee is informed and believes and based thereon alleges that Defendant is and was at all times relevant herein, an individual residing in the County of Los Angeles, state of California. Trustee is further informed and believes and based thereon alleges that Defendant is Debtor's father.

## GENERAL ALLEGATIONS

4.      On December 16, 2025 ("Petition Date"), Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code, commencing the Bankruptcy Case.

5.      Trustee is the duly appointed, qualified, and acting chapter 7 Trustee for Debtor's Estate, and brings the claims asserted herein in that capacity.

///

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

2

6.      On her Schedule A/B, Debtor listed an ownership interest in certain real property located at 1742 Glen Avenue, Pasadena, California 91103 (the "Pasadena Property"), with a scheduled value of $1,189,700.00.

7.      Debtor's Schedule D lists a first and second deed of trust encumbering the Pasadena Property in the combined amount of $725,723.22.

8.      On her Schedule C, Debtor claimed an exemption in the Pasadena Property pursuant to California Code of Civil Procedure § 704.730 in the amount of $463,976.78 (the "Homestead Exemption").

9.      Based upon a review of public records, Trustee discovered that on or about July 24, 2020, Defendant, Debtor's father, purchased the Pasadena Property for $685,000.00.

10.      In connection with a subsequent refinance of the Pasadena Property, and pursuant to a Grant Deed recorded on or about June 2, 2021, Defendant transferred a fifty percent (50%) interest in the Pasadena Property to Debtor.

11.      On or about February 6, 2025, Debtor transferred her fifty percent (50%) interest in the Pasadena Property to "Vic Harboyan, Trustee of the Vic Harboyan Living Trust Dated February 4, 2025" (the "Transfer").

12.      Trustee is informed and believes, and based thereon alleges, that The Vic Harboyan Living Trust Dated February 4, 2025 (the "Trust") was created just two (2) days before the Transfer, on February 4, 2025. Debtor is listed as a beneficiary of the Trust.

13.      Debtor testified under oath that she did not intend to transfer her interest in the Pasadena Property to the Trust. Notwithstanding same, the Transfer was recorded in the official records of Los Angeles County.

14.      Trustee is informed and believes, and based thereon alleges, that Debtor received no consideration, and did not receive reasonably equivalent value, in exchange for the Transfer.

///

///

///

# FIRST CLAIM FOR RELIEF

**Avoidance and Recovery of Intentional Fraudulent Transfer [11 U.S.C. § 544, 548(a)(1)(A), 550, 551; California Civil Code § 3439 et. seq.]**

15.     Trustee realleges and incorporates by reference each and every preceding allegation of this Complaint as though fully set forth herein.

16.     Trustee is informed and believes, and based thereon alleges, that there are present creditors of Debtor that were listed at the time of the Transfer that remained unpaid as of the Petition Date. Trustee is further informed and believes, and based thereon alleges, that future creditors of Debtor existed following the Transfer that also remained unpaid as of the Petition Date.

17.     The Transfer consisted of Debtor's property. Trustee specifically reserves the right to amend this Complaint to allege additional transfers which may become known after further investigation and discovery.

18.     The Transfer was made on or about February 6, 2025, which is within two (2) years of the Petition Date of December 16, 2025, and within four (4) years of the Petition Date as required under California Civil Code § 3439.09. The Transfer is therefore within the applicable look-back periods under both 11 U.S.C. § 548(a)(1)(A) and California Civil Code §§ 3439.04 and 3439.09, as incorporated through 11 U.S.C. § 544(b).

19.     Trustee is informed and believes, and based thereon alleges, that the Transfer was made either in anticipation of bankruptcy and/or to prevent Debtor's creditors from collecting.

20.     At the time of the Transfer, Debtor was insolvent, or became insolvent because of the Transfer, within the meaning of 11 U.S.C. § 101(32) and California Civil Code § 3439.02.

21.     Debtor's scheduled liabilities, as reflected in her bankruptcy schedules filed on the Petition Date, exceed the fair market value of her non-exempt assets. By transferring her fifty percent (50%) interest in the Pasadena Property, which was her most significant asset, to Defendant for no consideration, Debtor was left with insufficient assets to repay her creditors.

22.     Trustee is informed and believes and based thereon alleges that the Transfer was made with the actual intent to hinder, delay, or defraud Debtor's creditors within the meaning of 11 U.S.C. § 548(a)(1)(A) and California Civil Code § 3439.04(a)(1).

23.    The Transfer was made to Defendant, Debtor's father, in his capacity as trustee of the Trust, which is an entity created by and for the benefit of both Defendant and Debtor.

24.    Based on the foregoing, Trustee may avoid the Transfer and recover the value of the Transfer and/or the Pasadena Property transferred, with an automatic preservation of the Transfer for the benefit of the Estate, pursuant to 11 U.S.C. §§ 544, 548, 550, and 551, and California Civil Code §§ 3439.04, *et seq*.

**<u>SECOND CLAIM FOR RELIEF</u>**

**Avoidance and Recovery of Constructive Fraudulent Transfer [11 U.S.C. § 544, 548(a)(1)(B), 550, 551; Cal. Civ. Code § 3439 et. seq.]**

25.    Trustee realleges and incorporates by reference each and every preceding allegation of this Complaint as though fully set forth herein.

26.    Trustee is informed and believes, and based thereon alleges, that there are present creditors of Debtor that existed at the time of the Transfer that remained unpaid as of the Petition Date. Trustee is further informed and believes, and based thereon alleges, that future creditors of Debtor existed following the Transfer that also remained unpaid as of the Petition Date.

27.    The Transfer was made on or about February 6, 2025, which is within two (2) years of the Petition Date of December 16, 2025, and within four (4) years of the Petition Date as required under California Civil Code § 3439.09. The Transfer is therefore within the applicable look-back periods under both 11 U.S.C. § 548(a)(1)(B) and California Civil Code §§ 3439.04 and 3439.09, as incorporated through 11 U.S.C. § 544(b).

28.    Trustee is informed and believes, and based thereon alleges, that the Transfer was made: (a) for less than reasonably equivalent value, or any value, and (b) at a time when Debtor was insolvent within the meaning of 11 U.S.C. § 101(32) and California Civil Code § 3439.02 and/or was rendered insolvent by virtue of the Transfer, and (c) while Debtor intended to incur, or believed, or reasonably should have believed Debtor would incur debts beyond Debtor's ability to pay them as they became due, and (d) for the benefit of an insider, Debtor's father, in his capacity as trustee of the Trust, which is an entity created by and for the benefit of both Defendant and Debtor.

///

29. Based on the foregoing, Trustee may avoid the Transfer and recover the value of the Transfer and/or the 50% interest in the Pasadena Property transferred, with an automatic preservation of the Transfer for the benefit of the Estate pursuant to 11 U.S.C. §§ 544, 548, 550, and 551, and California Civil Code §§ 3439.04, *et seq*.

### THIRD CLAIM FOR RELIEF

### Disallowance of Claims by Defendant [11 U.S.C. § 502(d)]

30. Trustee realleges and incorporates by reference each and every preceding allegation of this Complaint as though fully set forth herein.

31. Defendant is a transferee of the Transfer, which is avoidable and recoverable by the Trustee pursuant to 11 U.S.C. §§ 544, 548(a)(1)(A), 548(a)(1)(B), 550, and 551, as set forth in the First and Second Claims for Relief above.

32. As of the date of this Complaint, Defendant has not returned the 50% interest in the Pasadena Property to the Estate, has not paid the value thereof, and has not otherwise paid the amount or turned over any property for which Defendant is liable under 11 U.S.C. §§ 544, 548, 550, and 551.

33. Pursuant to 11 U.S.C. § 502(d), any and all claims asserted by Defendant against the Estate, whether filed as of the date of this Complaint or filed at any time thereafter, must be disallowed in their entirety unless and until Defendant has paid the amount, or turned over a 50% interest in the Pasadena Property.

### FOURTH CLAIM FOR RELIEF

### Unjust Enrichment [11 U.S.C. § 105]

34. Trustee realleges and incorporates by reference each and every preceding allegation of this Complaint as though fully set forth herein.

35. By virtue of the Transfer, Defendant received Debtor's fifty percent (50%) interest in the Pasadena Property, an asset with a scheduled value of $1,189,700.00, for no consideration and without paying reasonably equivalent value therefor. Defendant thus received a substantial benefit at the direct expense of the Estate and its creditors.

///

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6

36.     The circumstances under which Defendant received the Transfer render his retention of that benefit inequitable. Specifically: (i) the Transfer was made to Defendant's own Trust, created just two days before the Transfer was recorded; (ii) Debtor received no consideration in exchange for the Transfer; (iii) Debtor has testified she did not intend to make the Transfer; and (iv) the Transfer occurred while Debtor was insolvent. Defendant was aware, or reasonably should have been aware, of each of these circumstances given his relationship to Debtor.

37.     It would be unjust to permit Defendant to retain the benefit of Transfer while the Debtor's creditors are left with diminished or no recovery.

### FIFTH CLAIM FOR RELIEF

### Turnover of Property of the Estate [11 U.S.C. § 542]

38.     Trustee realleges and incorporates by reference each and every preceding allegation of this Complaint as though fully set forth herein.

39.     After the Transfer is avoided and a 50% interest Pasadena Property is recovered for the Estate, Trustee alleges that Defendant is wrongfully in possession, custody, and control of the Pasadena Property that should have belonged to the Estate, and Defendant does not have Trustee's consent to be in possession of same.

40.     A 50% interest in Pasadena Property may be used by Trustee in connection with his administration of the Estate.

41.     Trustee seeks to recover a 50% interest in the Pasadena Property from Defendant and thus demands Defendant turn over same to Trustee.

42.     Pursuant to 11 U.S.C. § 542, Trustee is entitled to turnover of a 50% interest in the Pasadena Property held by Defendant.

### SIXTH CLAIM FOR RELIEF

### (Sale of Interests of Estate and Co-Owner in Property) [11 U.S.C. § 363(h)]

43.     Trustee realleges and incorporates by reference each and every preceding allegation of this Complaint as though fully set forth herein.

44.     Debtor listed the Pasadena Property on Schedule A/B of her Bankruptcy Schedules.

///

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

7

45.    After the Transfer is avoided and a 50% interest in the Pasadena Property is recovered for the Estate, the Estate will own a fifty percent (50%) interest in the Pasadena Property.

46.    Partition in kind of the Pasadena Property between the Estate and Defendant is impracticable and cannot be made without extreme prejudice to the Estate and Defendant.

47.    A sale solely of the Estate's 50% interest in the Pasadena Property would realize significantly less for the Estate than a sale of the Pasadena Property free of the interests of Defendant.

48.    The benefit to the Estate of a sale of the Pasadena Property free of the interests of Defendant outweighs the detriment, if any, to Defendant.

49.    Trustee is informed and believes and based thereon alleges that the Pasadena Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

50.    Any proposed sale of the Pasadena Property will be conducted pursuant to and in accordance with 11 U.S.C. § 363, Federal Rule of Bankruptcy Procedure 6004, and Local Bankruptcy Rule 9013-1 upon a noticed motion to be filed in the Bankruptcy Case. Pursuant to such a motion, Trustee will provide for a distribution to Defendant and to the Estate, of the net proceeds of the sale, and subject to the prior satisfaction of all valid taxes, liens, charges, interests, or encumbrances on the Pasadena Property.

**PRAYER**

**WHEREFORE**, Trustee seeks judgment as follows:

1.    The Transfer is avoided and recovered under 11 U.S.C. §§ 544, 548, 550, 551 and/or Cal. Civ. Code § 3439 *et seq.*;

2.    The Transfer is preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551;

3.    Disallowance of any claims of Defendant if he fails or refuses to turn over a 50% interest in the Pasadena Property and/or the value of same, pursuant to 11 U.S.C. § 502(d);

4.    Upon the Transfer being avoided and recovered for the Estate, granting turnover of a 50% interest in the Pasadena Property pursuant to 11 U.S.C. § 542;

///

5.      Upon the Transfer being avoided and recovered for the Estate, that Trustee is authorized to sell all interests of the Estate and of Defendant in the Property under 11 U.S.C. § 363(h); and

6.      For such other and further relief as the Bankruptcy Court may deem just and proper under the circumstances of this case.

**SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**

DATED: May 13, 2026          By:          /s/ Brooke S. Thompson
                                                        Ryan D. O'Dea
                                                        Rika M. Kido
                                                        Brooke S. Thompson
                                                        Attorneys for John P. Pringle, Chapter 7 Trustee
                                                        for the bankruptcy estate of Houri Harboyan

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>JOHN P. PRINGLE, solely in his capacity as the chapter 7 Trustee for the bankruptcy estate of Houri Harboyan | DEFENDANTS<br>VIC HARBOYAN, in his capacity as Trustee of the Vic Harboyan Living Trust Dated February 4, 2025 |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Brooke S. Thompson, Esq.<br>SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP<br>100 Spectrum Center Drive, Suite 600, Irvine, CA 92618<br>Telephone: (949) 340-3400 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee<br>☐ Creditor    ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Chapter 7 Trustee's Complaint for: 1. Avoidance and Recovery of Intentional Fraudulent Transfer [11 U.S.C. §§ 544, 548(a)(1)(A), 550, 551; Cal. Civ. Code §§ 3439, et. seq.]; 2. Avoidance and Recovery of Fraudulent Transfer [11 U.S.C. §§ 544, 548(a)(1)(B), 550; Cal. Civ. Code §§ 3439, et. seq.]; 3. Disallowance of Claims [11 U.S.C. § 502(D)]; 4. Unjust Enrichment [11 U.S.C. § 105]; 5. Turnover of Property of the Estate [11 U.S.C. § 542]; and 6. Sale of Property [11 U.S.C. § 363(h)]

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
[1] 13-Recovery of money/property - §548 fraudulent transfer
[2] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[3] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Houri Harboyan | BANKRUPTCY CASE NO.<br>2:25-bk-21261-BR | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District | DIVISION OFFICE<br>Los Angeles Division | NAME OF JUDGE<br>Honorable Barry Russell |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Brooke S. Thompson | | |
| DATE<br><br>5/13/26 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Brooke S. Thompson | |

INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form B1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.